UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM THOMPSON, | Case No. C21-5342-BJR-SKV |
| Petitioner, | ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| RON HAYNES, | |
| Respondent. | |

This matter comes before the Court on a Report and Recommendation by the Honorable S. Kate Vaughan, U.S. Magistrate Judge, that recommends denial of Petitioner William Thompson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed objections to the Report and Recommendation.

Having reviewed this matter *de novo* in light of Petitioner's objections, the Court approves and adopts the Report and Recommendation. Petitioner's petition for a writ of habeas corpus is DENIED and this action is DISMISSED with prejudice. The Court also DENIES a certificate of appealability. The reasons for the Court's decision are set forth below.

**I.   BACKGROUND**

The Report and Recommendation provides a thorough background of this case, which the Court does not repeat here. To summarize briefly, Petitioner was convicted in Kitsap County

ORDER - 1

Superior Court in 2018 on one count of second-degree rape of a child and on four counts of first-degree incest. Petitioner was sentenced to 280 months in prison.

In his habeas petition in this Court, Petitioner argues that his conviction on three of the four counts of first-degree incest violated his right to avoid double jeopardy. Petitioner argues that because the trial court's jury instructions did not state that a separate and distinct act was required for each count of incest in the first degree, the jury instructions "left open the possibility that the jurors would unanimously agree to one act of incest and would rely on that one act to support each of the four counts." Dkt. No. 3 at 5. Petitioner contends that "[t]he jury instructions with respect to these counts did not provide adequate protection against a double-jeopardy violation." *Id.*

The Washington Court of Appeals affirmed Petitioner's convictions in 2020, rejecting his arguments that the jury instructions on the counts of first-degree incest violated his right to be free from double jeopardy. The Washington Supreme Court denied a petition for review of this decision.

Petitioner filed a timely petition for a writ of habeas corpus in this Court. Magistrate Judge Vaughan's Report and Recommendation recommends denial of Petitioner's habeas petition, as well as denial of a certificate of appealability. Petitioner has filed objections to the Report and Recommendation, which the Court considers below.

## II. DISCUSSION

### A. Standard of Review

The Court reviews *de novo* those portions of the Report and Recommendation to which Petitioner has filed objections. *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3). In his objections, Petitioner argues that Magistrate Judge Vaughan erred in concluding that Petitioner

ORDER - 2

failed to demonstrate that the state court's decision was contrary to or involved an unreasonable application of federal law, as determined by the United States Supreme Court. Petitioner also objects to the recommendation that a certificate of appealability should be denied.

**B.      Petitioner is Not Entitled to Habeas Relief**

Under 28 U.S.C. § 2254(d)(1), a habeas petition by a person in custody pursuant to a state court judgment "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[1]

In the Report and Recommendation, Magistrate Judge Vaughan found that "Petitioner does not cite to any United States Supreme Court precedent holding that a jury instruction must include specific language requiring each count to rest upon a separate and distinct act in order to avoid double jeopardy concerns." Dkt. No. 10 at 10. Instead, Magistrate Judge Vaughan stated that Petitioner "cites to Supreme Court precedent which supports the general principle that multiple punishments for the same offense violate double jeopardy and that habeas relief is available where an instructional error rises to the level of a constitutional violation." *Id.* at 10-11. Magistrate Judge Vaughan concluded that "Petitioner fails to demonstrate that he is entitled to relief under these general principles." *Id.* at 11.

In his objections, Petitioner argues that Magistrate Judge Vaughan erred in concluding that there is no "clearly established federal law" on the issues presented in his petition and in concluding that Petitioner is not entitled to relief under "general" constitutional principles. Dkt.

---

[1] 28 U.S.C. § 2254)(d)(2) also authorizes habeas relief if the state court's adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." However, Petitioner does not offer arguments here that would demonstrate a right to habeas relief under Section 2254(d)(2).

ORDER - 3

No. 11 at 3.  Petitioner also maintains that Magistrate Judge Vaughan gave too much deference to the Washington Court of Appeals' decision.  *Id.*

To support his objections, Petitioner points to *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989), for the principle that the Fifth Amendment's Double Jeopardy Clause protects a criminal defendant against multiple punishments for the same offense.  Petitioner also cites *Estelle v. McGuire*, 502 U.S. 62, 72 (1991), for the principles that: (1) an erroneous jury instruction may rise to the level of constitutional error; and (2) reviewing courts must consider if "there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the constitution."[2]  However, as Magistrate Judge Vaughan correctly noted, none of the U.S. Supreme Court precedent cited by Petitioner holds that jury instructions must include specific language requiring each count to rest upon a separate and distinct act in order to avoid double jeopardy concerns.

Petitioner's double jeopardy argument turns on the fact that the jury instructions for each of the four counts of first-degree incest were identically worded, aside from listing different numbers for each count.  As a result, Petitioner argues that the jury instructions created "an opportunity for the jury to rely on one act to support each of the four counts."  Dkt. No. 11 at 5.  However, as Magistrate Judge Vaughan noted, the U.S. Supreme Court has held that a challenged jury instruction must be considered in the context of the instructions as a whole and the trial record.  *See* Dkt. No. 10 at 8 (citing *Estelle*, 502 U.S. at 72).  Here, the Washington Court of Appeals engaged in such an inquiry when it affirmed Petitioner's convictions on four

---

[2] In his objections, Petitioner also asserts that "the reviewing court must be convinced beyond a reasonable doubt that the jury relied upon separate and distinct acts for each count," citing to "*Id.* at 665" to support this assertion. Dkt. No. 11 at 5.  Petitioner appears to be citing to *Estelle* (the last case cited prior to Petitioner's reference to "*Id.* at 665") for this assertion.  However, there is no page 665 in the *Estelle* decision, nor is Petitioner's assertion supported by *Estelle*.

ORDER - 4

counts of first-degree incest. The state appellate court noted that the evidence presented to the jury at trial established four separate acts of first-degree incest and that the prosecutor's closing argument clarified that the State was relying on each of these acts to prove the charged offenses. Dkt. No. 8-1, Ex. 2 at 5-7. Based on its review, the Washington Court of Appeals concluded that "[i]t is clear that it was manifestly apparent to the jury that each count was based on a separate act and the State was not seeking multiple punishments for the same offense." *Id.* at 7.

Under these circumstances, the Court finds that Petitioner has failed to demonstrate that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the U.S. Supreme Court. As a result, Petitioner is not entitled to habeas relief under 28 U.S.C. § 2254.

**C.     A Certificate of Appealability Should Be Denied**

Petitioner also objects to Magistrate Judge Vaughan's recommendation that the Court should deny a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may be issued only if a habeas petitioner makes "a substantial showing of the denial of a constitutional right." A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

In his objections, Petitioner relies on the Washington Court of Appeals' decision in *State v. Sanford*, 477 P.3d 72 (Wash. App. 2020), to support his argument that a certificate of appealability should issue here. However, *Sanford* is a state court appellate decision. As such, it is not relevant to Petitioner's claim for habeas relief under 28 U.S.C. § 2254(d), which requires Petitioner to show that the challenged state court decision was contrary to, or involved an

ORDER - 5

unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. As a result, *Sanford* does not provide a basis for reasonable jurists to disagree with the Court's resolution of Petitioner's constitutional claims or to conclude that the issues presented are adequate to deserve encouragement to proceed further. The Court agrees with Magistrate Judge Vaughan that a certificate of appealability should be denied.

### III.   CONCLUSION

For the foregoing reasons, the Court finds and ORDERS as follows:

(1)   The Court approves and adopts the Report and Recommendation (Dkt. No. 10).

(2)   Petitioner's petition for a writ of habeas corpus is DENIED and this case is DISMISSED with prejudice.

(3)   The Court DENIES a certificate of appealability.

(4)   The Clerk is directed to send copies of this Order to all counsel of record and to the Honorable S. Kate Vaughan.

DATED January 26, 2022.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 6